**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District of Texas
                    (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**  Woodville Lumber, Inc.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  35-2526850

4. **Debtor's address**

   Principal place of business
   498 County Road 1050
   Number  Street

   Woodville, Texas 75979
   City          State    ZIP Code

   County

   Mailing address, if different from principal place of business
   Number  Street

   P.O. Box

   City          State    ZIP Code

   Location of principal assets, if different from principal place of business
   Number  Street

   City          State    ZIP Code

5. **Debtor's website (URL)**  _____

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor  Woodville Lumber, Inc.  Case number (if known) _____
      Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3 2 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District _____ When ___/___/_____ Case number _____
                                       MM / DD / YYYY
       District _____ When ___/___/_____ Case number _____
                                       MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor  See attached list  Relationship _____
      District _____ When ___/___/_____
                                    MM / DD / YYYY
      Case number, if known _____

| Debtor | Woodville Lumber, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
Number    Street

_____
City                                State    ZIP Code

Is the property insured?

☐ No
☐ Yes. Insurance agency _____
Contact name _____
Phone _____

## Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Woodville Lumber, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04 / 04 / 2016
MM / DD / YYYY

X _____    Anna Leibold
Signature of authorized representative of debtor    Printed name

Title  CEO

**18. Signature of attorney**

X _____    Date  04/04/2016
Signature of attorney for debtor    MM / DD / YYYY

W. Steven Bryant
Printed name

Locke Lord LLP
Firm name

2800 JP Morgan Chase Tower, 600 Travis Street
Number    Street

Houston    TX    77002
City    State    ZIP Code

(713) 226-1489    sbryant@lockelord.com
Contact phone    Email address

24027413    Texas
Bar number    State

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WOODVILLE LUMBER, INC., | § | Case No. 16-_____ |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |

## LISTING OF AFFILIATE ENTITIES FILING CHAPTER 11

1) Woodville Lumber II, LLC, EIN 47-3555238, filed April 4, 2016

2) GP Lumber, LLC, EIN 46-1718094, filed April 4, 2016

3) Louisiana Pellets, Inc., Case No. 16-80162, in the United States Bankruptcy Court for the Western District of Louisiana, filed February 18, 2016

4) German Pellets Louisiana, LLC, Case No. 16-80163, in the United States Bankruptcy Court for the Western District of Louisiana, filed February 18, 2016

## WOODVILLE LUMBER, INC.

April 04, 2016

I, Anna K. Leibold, CEO of Woodville Lumber, Inc., a Delaware corporation ("WLI"), do hereby certify the following:

1. I am the duly appointed CEO of WLI.

2. WLI is the sole member of Woodville Lumber II, LLC, a Delaware limited liability company.

3. Attached hereto as Exhibit A is a true, correct, and complete copy of the resolutions duly adopted by WLI's board of directors acting pursuant to WLI's bylaws.

4. The resolutions attached as Exhibit A are not inconsistent with WLI's bylaws.

5. The resolutions attached as Exhibit A have not been amended, modified, repealed, or rescinded since they were adopted, and they remain in full force and effect.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of April 4, 2016:

Name: Anna K. Leibold
Title: CEO

NO:0105342/00001:182908v1

# EXHIBIT A

## RESOLUTION OF BOARD OF DIRECTORS OF WOODVILLE LUMBER, INC.

April __, 2016

WHEREAS, Woodville Lumber, Inc., a Delaware corporation (the "Company"), sole member of Woodville Lumber II, LLC ("WLII") has evaluated the Company's assets, liabilities and operating performance concerning the Company's balance sheet and obligations;

WHEREAS, various of the Company's creditors have asserted claims against the Company including without limitation by filing liens and pursuing foreclosure on the Company's assets;

WHEREAS, certain creditors have scheduled a foreclosure sale for key assets of WLII for April 5, 2016;

WHEREAS, if the Company's creditors continue to further exercise their rights and remedies, the Company's ability to continue operating could be compromised, with a risk of substantial loss of value for the Company and all of its stakeholders;

WHEREAS, the Company has identified potential financial and strategic partners ("Potential Partners") that have expressed interest in entering into arrangements with the Company that would potentially serve as the basis for restructuring;

WHEREAS, the Company has determined that the potential for adverse actions by the Company's creditors relative to the Company's assets is an obstruction to finalizing any arrangements with Potential Partners;

WHEREAS, the Board of Directors has decided it is in the best interest of the Company to file for Chapter 11 bankruptcy protection in order to preserve its assets and value to permit the Company to continue negotiations with the Potential Partners;

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Board and in order to preserve the going concern value of the Company, it is in the best interests of the Company to file a voluntary petition for relief pursuant to Chapter 11 of the Title 11 of the United States Code (a "Bankruptcy Petition") in the United States Bankruptcy Court for the Eastern District of Texas, as may be appropriate (the "Bankruptcy Court"); and,

RESOLVED, that in the judgment of the Board and in order to preserve the going concern value of the Company, the Company, in its capacity as the sole member of WLII, believes it is in the best interest of WLII to file a voluntary petition for relief pursuant to Chapter 11 of the Title 11 of the United States Code (a "Bankruptcy Petition") in the United States Bankruptcy Court for the Eastern District of Texas, as may be appropriate (the "Bankruptcy Court"); and,

RESOLVED that Anna K. Leibold, CEO of Woodville Lumber, Inc., is authorized to file a Bankruptcy Petition on behalf of the Company and on behalf of WLII in the Bankruptcy Court,

to retain counsel in Texas and Louisiana or in such other jurisdiction as may be necessary to effectuate the bankruptcy filing, to retain other professionals on behalf of the Company, and to prepare and file such other petitions, schedules, motions, plans and other documents as are necessary to bring the Company's Chapter 11 proceeding to a conclusion.

_____
Anna K. Leibold
CEO of Woodville Lumber, Inc.